**FOX ROTHSCHILD LLP**
**Formed in the Commonwealth of Pennsylvania**
By: Jeffrey M. Pollock, Esq.
Joel M. Ferdinand, Esq.
Lindi von Mutis, Esq.
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648-2311
(609) 896-3600
*Attorneys for Defendants/Third-Party Plaintiffs Compaction System Corporation of Connecticut, Inc. and Compaction Systems Corporation (a New Jersey Corporation)*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

| | |
|---|---|
| **NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, and ADMINISTRATOR, NEW JERSEY SPILL COMPENSATION FUND,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**AMERICAN THERMOPLASTICS CORP., et al., BECKMAN INSTRUMENTS INC. a/k/a BECKMAN COULTER, INC., CADILLAC PLASTICS GROUP, f/k/a DAY INTERNATIONAL CORPORATION CHEMICAL WASTE MANAGEMENT, INC. a/k/a CWM CHEMICAL SERVICES, INC., CHESTER HILLS, INC., CHRYSLER CORPORATION, COMPACTION SYSTEMS CORPORATION, COMPACTION SYSTEMS CORPORATION OF CONNECTICUT, INC., COMPTON PRESS, INC., CONNECTICUT RESOURCE RECOVERY AUTHORITY, INC., EAGLE INDUSTRIES, INC., EASTERN WASTE OF NEW JERSEY, INC., EMERSON QUIET KOOL CORPORATION, FALCON MANUFACTURING, INC., JOHN C. FILBERTO, in his individual capacity, JOSEPH B. FILIBERTO, in his individual** | **CIVIL ACTION NO. 98-CV-4781 (WHW) (Consolidated with 98-cv-4812)**<br><br>**DEFENDANTS'/THIRD-PARTY PLAINTIFFS', COMPACTION SYSTEMS CORPORATION OF CONNECTICUT, INC. and COMPACTION SYSTEMS CORPORATION, FIRST AMENDED THIRD-PARTY COMPLAINT AGAINST THIRD-PARTY DEFENDANTS, CARTER DAY INDUSTRIES, INC., COMBUSTION EQUIPMENT ASSOCIATES, and COMBE FILL CORPORATION**<br><br>**Filed Electronically** |

**capacity, J. FILIBERTO SANITATION, INC., FLAIR CLEANERS OF MORRISTOWN, INC., GARBCO ASSOCIATES, INC., JAMES P. HORAN, INC., HOWMET CORPORATION a/k/a HOWMET TURBINE COMPONENTS CORPORATION, RAYONIER, INC. f/k/a ITT RAYONIER, INC., KEUFFEL & ESSER COMPANY, MARS, INC., THE MENNEN COMPANY, OCCIDENTAL PETROLEUM CORPORATION, POLICASTRO SANITATION, INC., PUBLIC SERVICE ELECTRIC & GAS COMPANY, WARNER LAMBERT COMPANY, INC., and WASTE MANAGEMENT OF NORTH JERSEY, INC.,**

**Defendants.**

---

**UNITED STATES OF AMERICA**

**Plaintiff,**

**v.**

**BECKMAN COULTER, INC. f/k/a Beckman Instruments, Inc.; CADILLAC PLASTICS GROUP, INC. f/k/a Day International Corporation f/k/a Dayco Corporation, CWH CHEMICAL SERVICES, INC. f/k/a Chem-Trol Pollution Services, Inc., as successor to R&R Sanitation, Inc., CHESTER HILLS, INC., CHRYSLER CORPORATION, COMPACTION SYSTEMS CORPORATION, COMPACTION SYSTEMS CORPORATION OF CONNECTICUT, INC., COMPACTION SYSTEMS CORPORATION OF NEW JERSEY, INC., CONNECTICUT RESOURCE RECOVERY AUTHORITY, INC. EAGLE INDUSTRIAL PRODUCTS, INC., as successor to Falcon Manufacturing, Inc., EAGLE INDUSTRIES, INC., EASTERN**

**CIVIL ACTION NO. 98-CV-4812**

**WASTE OF NJ, as successor to West Milford Haulage, Inc. and Frank Fenimore, Inc., FALCON MANUFACTURING, INC. JOHN FILIBERTO, in his individual capacity, JOSEPH B. FILIBERTO, in his individual capacity, GARBCO ASSOCIATES, INC., f/k/a J. Filberto Sanitation, Inc., HOWMET CORPORATION, f/k/a Howmet Turbine Components Corporation, MARS, INC., THE MENNEN COMPANY, OCCIDENTAL PETROLEUM CORPORATION, PHILLIPS PETROLEUM, INC., RAYONIER, INC., WARNER-LAMBERT COMPANY, INC., WASTE MANAGEMENT OF NORTH JERSEY, INC., as successor to J. Filiberto Sanitation, Inc.**

**Defendants.**

Defendants/Third-Party Plaintiffs, Compaction Systems Corporation of Connecticut, Inc. and Compaction Systems Corporation (a New Jersey Corporation) (collectively, "Compaction"), by way of Third-Party Complaint against Third-Party Defendants, Carter Day Industries, Inc., Combustion Equipment Associates, Inc., and Combe Fill Corporation, (collectively, "Third-Party Defendants"), state:

## STATEMENT OF THE CASE

1. This is a Civil Action under Sections 113 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9613, 9607, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and common law. In this action, Compaction seeks to recover costs incurred by Compaction to respond to releases or threatened releases of hazardous substances at or from the Combe Fill Superfund Site (the "Site"), located in Chester and Washington Townships, Morris County, New Jersey.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is founded upon 42 U.S.C § 9601 *et seq.*, upon the fact that this action arises under CERCLA, 28 U.S.C. § 1331, and upon the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

3. Venue is proper in this District under 42 U.S.C § 9601 *et seq*. because the asserted releases, threatened releases and damages occurred in this judicial district and because the property which is the subject of this action is located within this judicial district.

4. This Court has authority to issue a declaratory judgment regarding the rights and liabilities of the parties pursuant to 28 U.S.C. §§ 2201, 2202, and 42 U.S.C. § 9613(g)(2).

**PARTIES**

5. Third-Party Plaintiff Compaction Systems Corporation ("Compaction-NJ") is a corporation organized under the laws of the State of New Jersey with its principal place of business located in the Bronx, New York.

6. Third-Party Plaintiff Compaction Systems Corporation of Connecticut, Inc. ("Compaction-CT") f/k/a Compaction Systems Corporation of Bridgeport, is a corporation organized under the laws of the State of New Jersey, with its principal place of business located in Bridgeport, Connecticut.

7. Third-Party Defendant Combustion Equipment Associates, Inc. ("CEA") is a corporation organized under the laws of New York.

8. Third-Party Defendant Combe Fill Corporation ("CFC") is a corporation organized under the laws of the State of New Jersey, with its principal place of business located in New Jersey. CFC was a wholly owned subsidiary of CEA.

9. Third-Party Defendant Carter Day Industries, Inc., ("CDI"), f/k/a Combustion Equipment Associates, Inc. is a corporation organized under the laws of the State of New York, with a principal place of business is Minneapolis, Minnesota.

10. To resolve the claims against it in these actions, Compactions settled its liability for $37,000,000, comprised of an $11,000,000 payment and a $26,000,000 Consent Judgment. The Third-Party Defendants are liable for all or part of the Plaintiffs' claims against Compaction.

11. The claims asserted in this Third-Party Complaint arise out of the same transactions and occurrences which are the subject matter of the Plaintiffs' Complaint and the pending action. The allegations of this Third-Party Complaint are made in the alternative and without admission of any allegation denied by Compaction, or waiver of any defense set forth in Compaction's Answer.

**THE SITE**

12. The Site is approximately a 65 acre parcel of land located on Parker Road, in Chester and Washington Township, New Jersey, designated as Block 37, Lots 15, 16, 16.01 and 16.03 and being designated on the Tax Map of Chester Township as Block 17, Lot 7 (collectively referred to as the "Site").

13. The United States Environmental Protection Agency (the "EPA") placed the Site on the National Priorities List in 1983.

14. Plaintiffs New Jersey Department of Environmental Protection ("NJDEP") and the Administrator of the New Jersey Spill Compensation Fund instituted a civil action against Compaction and others under the New Jersey Spill Compensation and Control Act (the "Spill Act") and the Sanitary Landfill Facility Closure and Contingency Fund Act, seeking, *inter alia*, recovery of response costs and damages in connection with an alleged release or threatened

released of hazardous substances at the Site including costs allegedly paid or to be paid to the United States pursuant to its cooperative agreement with the United States under 42 U.S.C. § 9604(c)(3) of CERCLA and Plaintiffs' alleged compliance with the national contingency plan (42 U.S.C. § 9605(a)). *See* Complaint and Amended Complaint in *New Jersey Department of Environmental Protection, et al. v. American Thermoplastics Corp., et al.*, U.S. Dist. Ct., D.N.J., Docket No. 98-cv-4781, filed October 19, 1998 and August 30, 1999, respectively.

15. The EPA instituted a civil action against Defendants under CERCLA, seeking, *inter alia,* recovery of the costs incurred, and to be incurred, in response to the release or threatened release and discharge, of hazardous substances at the Site pursuant to 42 U.S.C. § 9607. *See* Complaint in *U.S. v. Beckman Coulter, Inc., et al.*, U.S. Dist. Ct., D.N.J., Docket No. 98-cv-4812, filed September 20, 1998.

16. The NJDEP and the EPA Actions were consolidated. The Pending Action continues.

17. The basis of the Plaintiffs' Complaint against Compaction-CT is the allegation that Compaction-CT transported materials containing hazardous substances and disposed of them at the Site various times between 1978 and 1981.

18. The basis of the Plaintiffs' Complaint against Compaction-NJ is the allegation that Compaction-NJ operated the Site from 1978 to 1981.

19. During the time period, the Site was owned and operated by Third-Party Defendant CFC, subsidiary to CEA.

20. To the extent Compaction-CT moved materials for disposal at the Site, it did so upon the direction of CEA. CEA provided the materials that were to be disposed and directed Compaction-CT as to where they were to be disposed.

21. CDI is the successor-in-interest to CEA.

**COUNT I**

**(CERCLA § 107 CLAIMS)**

22. Compaction incorporates by reference the allegations set forth in the preceding paragraphs of the Third-Party Complaint as though set forth at length herein.

23. CERCLA Sections 107(a)(4)(A), (B) and (C), 42 U.S.C. § 9607(a)(4)(A), (B) and (C), provide that any person shall be liable for:

> (A) all costs of removal or remedial action incurred by the United States Government or a State . . . not inconsistent with the national contingency plan;
>
> (B) any other necessary costs of response incurred by any other person consistent with the national contingency plan;
>
> (C) damages for injury to, destruction of, or loss of, natural resources, including the reasonable costs of assessing such injury, destruction or loss resulting from such a release.

24. CERCLA § 107(a), 42 U.S.C. § 9607(a), specifies that the following parties are liable for response costs incurred as a result of a release or threatened release of Hazardous Substances from the facility: (1) the current owner and the current operator of the facility; (2) any person who owned or operated the facility at the time of disposal of any Hazardous Substances; (3) any person who by contract, agreement or otherwise arranged for disposal or treatment or arranged with a transporter for transport for disposal or treatment of Hazardous Substances owned or possessed by such a person at the facility, and (4) any person who accepts or accepted any Hazardous Substances for transport to a disposal or treatment facility and that person selected the facility as the disposal or treatment facility.

25. The Site is a facility within the meaning of CERCLA §101(9), 42 U.S.C. §9601(9).

26. Each Third-Party Defendant, CDI, CEA, and CFC (collectively, the "Third-Party Defendants") is a person as defined in CERCLA Section 101(21), 42 U.S.C. § 9601(21).

27. Each Third-Party Defendant is a person or successor to a person who (a) owned or operated the whole or a portion of the Site at the time Hazardous Substances were disposed of at the Site; and/or (b) is a person, who by contract, agreement or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of Hazardous Substances owned or possessed by such a person at the Site; and/or (c) accepted a hazardous substance for transport to a disposal or treatment facility and selected the Site as the disposal or treatment facility.

28. Compaction resolved the claims against it in these actions, and is entitled to response costs from Third-Party Defendants.

**WHEREFORE**, Compaction respectfully requests that this Court enter judgment in its favor and against each Third-Party Defendant as follows:

(a) declaring that the Third-Party Defendants are liable under CERCLA Section 107(a), 42 U.S.C. §§ 9607(a), for all necessary response costs incurred and to be incurred by Compaction in response to the release or threatened release of Hazardous Substances at and from the Site;

(b) awarding Compaction an amount determined by the Court to satisfy the obligation of each Third-Party Defendant for response costs incurred by Compaction in response to the release and/or the threatened release of Hazardous Substances at and from the Site; and

(c) awarding Compaction interest, costs of this action, including reasonable attorneys' fees to the extent permitted by law, and such other, and further relief as the Court determines is just, equitable and appropriate.

**COUNT II**

**(CERCLA §113 CLAIMS)**

29. Compaction incorporates by reference the allegations set forth in the preceding paragraphs of the Third-Party Complaint as though set forth at length herein.

30. CERCLA §113(f), 42 U.S.C. §9613(f), provides that any person may seek contribution from any other person who is liable or potentially liable under CERCLA § 107(a), 42 U.S.C. § 9607(a).

31. Each Third-Party Defendant is liable or potentially liable under CERCLA §107(a), 42 U.S.C. § 9607(a).

**WHEREFORE,** Compaction respectfully requests that this Court enter judgment in its favor and against each of the Third-Party Defendants as follows:

(a) declaring that each Third-Party Defendant is liable under CERCLA 113(f), 42 U.S.C. § 9613(f), for each Third-Party Defendant's share of response costs incurred by the Plaintiffs in connection with the Site and that is binding in any future action brought by any party to recover future response costs in connection with the Site;

(b) awarding Compaction an amount determined by the Court to satisfy the obligation of each Third-Party Defendant; and

(b) awarding Compaction interest, costs of this action, including reasonable attorneys' fees to the extent permitted by law, and such other, further relief as the Court determines is just, equitable or appropriate.

**COUNT III**

**(DECLARATORY JUDGMENT)**

32. Compaction incorporates by reference the allegations set forth in the preceding paragraphs of the Third-Party Complaint as though set forth at length herein.

33. Compaction is entitled to a declaratory judgment pursuant to § 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), 28 U.S.C. §§ 2201 and 2202, and N.J.S.A. § 2A:16-50, because each of the Third-Party Defendants named in this Third-Party Complaint are liable to Compaction under § 113 of CERCLA, 42 U.S.C. § 9613, for all response costs incurred by Compaction at the Site.

34. There is a controversy between the parties as to liability.

35. Compaction resolved the claims against it in these actions, and is entitled to contribution from each Third-Party Defendant for the amounts paid to Plaintiffs in excess of Compaction's share of the costs, if any.

**WHEREFORE**, Compaction respectfully requests that this Court enter judgment in its favor and against each of the Third-Party Defendants as follows:

(a) declaring that each Third-Party Defendant is liable for contribution under §§ 107(a) and 113(f)(1) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(f)(1), for all necessary response costs incurred and to be

incurred by Compaction in response to the release and the threatened release of Hazardous Substances at and from the Site;

(b) awarding Compaction an amount determined by the Court to satisfy the obligation of each Third-Party Defendant for response costs incurred and to be incurred by Compaction in response to the release and/or threatened release of Hazardous Substances at and from the Site; and

(c) awarding Compaction interest, costs of this action, including reasonable attorneys' fees to the extent permitted by law, and such other, further relief as the Court determines is just, equitable or appropriate.

**COUNT IV**

**(CONTRIBUTION)**

36. Compaction incorporates by reference the allegations set forth in the preceding paragraphs of the Third-Party Complaint as though set forth at length herein.

37. Pursuant to the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A §§ 2A:53A-1 *et. seq.*, when a Plaintiff recovers a money judgment against a joint tortfeasor, the joint tortfeasor is entitled to seek contribution from the other joint tortfeasors for any excess amount paid over the joint tortfeasor's share of the money judgment.

38. Each of the Third-Party Defendants is a joint tortfeasor.

39. Compaction resolved the claims against it in these actions, and is entitled to contribution from each Third-Party Defendant for the amounts paid to Plaintiffs in excess of Compaction's share of the costs, if any.

**WHEREFORE**, Compaction respectfully requests that this Court enter judgment in its favor, against each of the Third-Party Defendants, as follows:

(a) declaring each of the Third-Party Defendants liable to Compaction for contribution to the costs of response incurred and to be incurred by Compaction plus interest and ordering such Third-Party Defendants, jointly and severally, to pay to Compaction their share of contribution for costs of response incurred by Compaction; and

(b) awarding Compaction interest, costs of this action, including reasonable attorneys' fees to the extent permitted by law, and such other, further relief as the Court determines is just, equitable or appropriate.

**COUNT V**

**(COMMON LAW CONTRIBUTION AND INDEMNIFICATION)**

40. Compaction incorporates by reference the allegations set forth in the preceding paragraphs of the Third-Party Complaint as though set forth at length herein.

41. Compaction's liability at the Site, if any, is passive, secondary, vicarious, and imputed to Compaction and the liability of Third-Party Defendants is active, primary and direct.

42. The Third-Party Defendants are obligated to indemnify Compaction for any and all costs of response already incurred and to be incurred in connection with the Site, plus any other costs arising from or related to the Site.

43. Compaction resolved the claims against it in these actions, and is entitled to contribution from each Third-Party Defendant for the amounts paid to Plaintiffs in excess of Compaction's share of the costs, if any.

**WHEREFORE,** Compaction demands judgment against such Third-Party Defendants for contribution, indemnification, and all costs of response incurred and to be incurred in connection with the Site, plus all other costs arising from or related to the Site, plus interest, attorneys' fees, costs of suit and such other and further relief as the Court deems equitable and just.

/s/ Jeffrey M. Pollock
Jeffrey M. Pollock, Esq.
Joel M. Ferdinand, Esq.
Lindi von Mutis, Esq.
FOX ROTHSCHILD LLP
997 Lenox Drive, Building Three
Lawrenceville, NJ 08648
Attorneys for Defendants/Third-Party Plaintiffs Compaction System Corporation of Connecticut, Inc. and Compaction Systems Corporation (a New Jersey Corporation)

Dated: December 19, 2011

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

Pursuant to Local Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other related action, other than the present consolidated actions before the court captioned New Jersey Department of Environmental Protection Agency v. American Thermoplastics Corp. and United States of America v. Beckman Coulter, Inc., et al., Civil Action No. 98-4781 (WHW) under which this Third-Party Complaint is filed.

/s/ Jeffrey M. Pollock

Dated: December 19, 2011