NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al., | : : : : | Civil Action Nos. 98-CV-4781 (WHW) (CLW) |
| Plaintiffs, | : : | |
| | : | **OPINION & ORDER** |
| v. | : : | |
| AMERICAN THERMOPLASTICS CORP., et al., | : : : : | |
| Defendants. | : : | |

**WALDOR, United States Magistrate Judge**

This matter comes before the Court upon a motion (ECF No. 1299), by Defendants Compaction Systems Corporation and Compaction Systems Corporation of Connecticut, Inc. (Third-Party Plaintiffs) (collectively "Compaction"), for an Order compelling discovery directed towards defendant Warner Lambert Company, Inc. ("Warner"). The Court declined to hear oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure and, for the reasons set forth below, the Court denies Defendants' motion.

**I.      Background**

The Combe Fill South Landfill operated from 1948 to 1981, receiving waste generated by over one hundred federal agencies, local municipalities, and private companies. A confidential ADR process lasted from 1996 to 2001 to address cleanup liabilities from the site, ending in a global settlement of the Combe Fill South litigation in 2009. (Opp. Brief, ECF No. 1302, at 1). As part of the settlement, Compaction retained the right to pursue the pending third-party claim

1

against Combustion Equipment Associates, Combe Fill Corporation, and their successor Carter Day Industries, Inc. (collectively "Carter Day Entities").  At the time of settlement, it was contemplated that Compaction would be able to take discovery from third parties who settled. (Brief, ECF No. 1299, at 2.)  Compaction is seeking discovery from the settled parties to prove the Carter Day Entities' relative share of liability under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA").

In an effort to avoid burdening the settled parties it was agreed that Compaction, in lieu of depositions, may obtain evidence through sworn written statements of a company Fed. R. Civ. P. 30(b)(6) witness.  Compaction filed the current motion to compel Warner to search its ADR files and determine if any witnesses, agents, or employees provided certifications, declarations, affidavits, or other sworn testimony "regarding waste that Warner generated that may have ended up being disposed of at the Combe South Site."  (Brief, at 3.)  Warner has declined to search for or provide any such sworn testimony to its 30(b)(6) witness.  *Id*.  Fundamentally, the parties disagree over whether factual information created during the ADR process is discoverable.

### a. Compaction's Position

Compaction points to the language in Paragraph 33 of the May 26, 1999 Case Management Order (ECF No. 71) (hereinafter "CMO No. 2") that states:

> Nothing herin shall constitute a basis to exclude from discovery factual information and raw data which are otherwise discoverable.

In Compaction's opinion not only does CMO No. 2 and the Consent Decree in question not shield facts from discovery, but the very "quid pro quo for having ADR confidential was that facts would always be subject to discovery."  (Brief, at 4.)  Compaction believes the 2009 Judgement on Consent where they settled the case and reserved the right to bring a contribution action, preserves the "discoverability of factual information set forth in Paragraph 35 of CMO No. 2."  (Brief, at 9.)

They believe factual statements or factual admissions made during the ADR process should not be shielded from discovery. To do so would strip Compaction of impeaching the 30(b)(6) witness should she testify "contrary to Warner's prior statements or admissions." (Brief, at 10.)

Compaction requests Warner review and analyze the ADR materials and confirm the information sought is not in the materials or if the information does exist that Warner's 30(b)(6) witness be educated accordingly. (Brief, at 8.)[1]

### b. Warner's Position

Alternatively, Warner maintains that the very reason it and other parties participated in the ADR was because they were ensured it would be confidential. (Opp. Brief, at 1.) It notes that Paragraph 35 of CMO No. 2 does not apply to the ADR Process, and Paragraph 72 is the applicable confidentiality provision of CMO No. 2. (Opp. Brief, at 1-2.) Warner indicates that the settling parties were concerned about being burdened with discovery from the Compaction Contribution Action and as a precaution, both the Judgement on Consent and Discovery Order entered in 2009 had provisions to "virtually eliminate the need to take any discovery from the settling parties." (Opp. Brief, at 6-7.) Under the Discovery Order the Court took judicial notice of the amounts paid by the Settling parties and indicated "the liability of the Carter Day Parties . . . shall be reduced by" those amounts. (Opp. Brief, at 7.) To the extent discovery was needed at a future date from the settled parties they could seek attorneys' fees and the confidentiality protections contained in the Court's prior orders would be in full force and effect. (Opp. Brief, at 8-9.)

## II. Legal Analysis

Whether Warner's Rule 30(b)(6) witness is required to review the ADR materials in question turns on: (1) the proper scope of a Rule 30(b)(6) deposition; and (2) what if any common

---

[1] Warner provided live witnesses who testified to their personal knowledge during the ADR process. (Reply, ECF No. 1305, at 2.)

3

law privileges or confidentiality orders have modified the scope of inquiry for Warner's Rule 30(b)(6) witness.

### a. Scope of Rule 30(b)(6) Witness

It is well established that for a Rule 30(b)(6) witness "[a] corporation has an affirmative duty to produce a representative who can answer questions that are within the scope of the matters described in the notice." *Harris v. New Jersey*, 259 F.R.D. 89, 92 (D.N.J. 2007). The party proffering the Rule 30(b)(6) deponent has the burden to prepare the witness so he or she can answer the questions posed fully and accurately. *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.,* 228 F.3d 275, 304 (3d Cir. 2000).

The duty "goes beyond matters personally known to the designee or to matters in which the designee was personally involved." *Id*. It includes information "known or reasonably available to the organization." *Sanofi-Aventis v. Sandoz, Inc.*, 272 F.R.D. 391, 393–94 (D.N.J. 2011). Determining whether information is "known or reasonably available to a corporation requires a fact-specific analysis." *Id.* (citing *Coryn Grp. II, LLC v. O.C. Seacrets, Inc.*, 265 F.R.D. 235, 239 (D. Md. 2010)). Courts will look to whether the information is available from "documents, past employees, or other sources." *TIG Ins. Co. v. Tyco Int'l Ltd.*, 919 F. Supp. 2d 439, 454 (M.D. Pa. 2013), *amended* (Apr. 8, 2013). Even when "documents are voluminous and the review of the documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed." *Id*. Failure to properly prepare a Rule 30(b)(6) witness is "for all practical purposes, no appearance at all." *Resolution Trust Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993).

The scope of topics a 30(b)(6) witness can be expected to testify to is defined by Rule 26(b)(1), which allows a party to obtain information concerning "any matter, not privileged, which

is relevant to the subject matter involved in the pending action." *Sanofi-Aventis*, 272 F.R.D. at 393 (D.N.J. 2011); Fed. R. Civ. P. 26(b)(1); *See also Bracco Diagnostics Inc. v. Amersham Health Inc.*, No. CIV.A. 03-6025 SRC, 2005 WL 6714281, at *1 (D.N.J. Nov. 7, 2005). Rule 26(b)(1) indicates that the only "way to change the scope of discovery set forth in Rule 26(b)(1) is by order of the court." *Cabot Corp. v. Yamulla Enterprises, Inc.*, 194 F.R.D. 499, 500 (M.D. Pa. 2000).

Demanding Warner's witness be aware of company history and review voluminous documents to better understand the waste that Warner generated and where it ended up, is not on its face outside the bounds of the burden typically placed on a 30(b)(6) witness. The question remains whether Warner's witness is precluded from reviewing the contents of the ADR documents because they are privileged or because they are confidential pursuant to a court order.

### b. ADR Privilege

Many federal courts have recognized a "federal mediation privilege" of some nature that is "rooted in the imperative need for confidence and trust." *Sheldone v. Pennsylvania Tpk. Comm'n*, 104 F. Supp. 2d 511, 514 (W.D. Pa. 2000), *aff'd* (Aug. 8, 2000). The privilege does not "require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations." *Id.*, at 515. Specifically, "document[s] which otherwise exist[], or existed independent of the mediation . . . [are] not subject to this privilege." *Id*. But it does prevent parties from benefiting from "an alleged admission arising through the mediation process when it seems doubtful that such an admission would have otherwise come into existence." *Id*.

Absent any confidentiality orders, if this Court were to simply apply the "federal mediation privilege" it would exclude from discovery the information Compaction seeks. At the admission of Compaction's counsel, they want to know whether any Warner witness was questioned or

deposed in the ADR process and if they gave any "certifications, affidavits, declarations or other sworn statements regarding the merits during the ADR." (Reply, at 5.) Compaction is asking for statements that were given as a consequence of the ADR Process, statements that would not have existed absent the ADR Process. At its core the common law privilege envisioned by those district courts recognizing a federal mediation privilege excludes from discovery that which would not have existed but for the ADR proceeding.

This Court need not determine the appropriateness of applying the federal privilege. Rather, the confidentiality provisions in the Judgement on Consent, Discovery Order, and Case Management Order No. 2 provide the roadmap for discovery in this Contribution Action. The confidentiality provisions outlined in those documents echo much of the same sentiments as the federal mediation privilege.

### c. Confidentiality Provisions

CMO No. 2, entered on June 2, 1999 is the starting point for analyzing the confidentiality provisions applicable. (ECF No. 71.) This is the Order that first outlined the ADR Process which ultimately resulted in settlement. Paragraph 33, 34, and 35 of the Order, deal with "Joint Defense Communications." Paragraph 33 sets the baseline that "documents and information created and exchanged during the ADR Process" will be confidential. With two caveats: (1)"documents not created in the ADR Process, which are not privileged, regardless of whether they were exchanged in the ADR Process" will be discoverable (¶ 34); and (2)"factual information and raw data" that is otherwise discoverable will not be precluded from discovery (¶35).

The Order goes on to specifically outline confidentiality provisions for the ADR Process in Paragraph 72(a). That provision reiterates that ADR Process Information "is intended to be confidential" and defines ADR Process information as including both "witness interviews" and "witness interview transcripts." The 2009 Judgement on Consent against Compaction incorporates

by reference Paragraphs 33, 34, and 35 of CMO No. 2 as applicable confidentiality provisions for the Contribution Action. (Judgement, ECF No. 1126, at ¶¶ 23(b)(e)(f).)

CMO No. 2 makes it clear that ADR Process information is confidential and includes witness statements and testimony as part of that definition. Counsel for Compaction is correct in noting that there are limits to this confidentiality. Specifically, "[t]he mere fact that factual information is discussed . . . in the ADR process or contained in the ADR materials does not vitiate a litigant's ability to obtain or use the factual information in preparation of trial." (Brief, at 10.) These limits are delineated in CMO No. 2, Paragraphs 34 and 35. Paragraph 35 prevents the non-disclosure of factual information which is otherwise obtainable. The preceding Paragraph 34, reinforces this concept by not barring discovery of documents simply because they are exchanged in the ADR Process. The difficulty is Compaction is not requesting information that is otherwise discoverable absent the ADR Process, rather Compaction wants the 30(b)(6) witness to review statements exclusively made as part of the ADR Process.

No case law or order of this Court supports Compaction's reading of Paragraph 35 because no provision in any of the three court orders defines "factual information" as all facts. Asking this Court or Warner to determine what is and is not a fact in transcripts and certifications from witnesses who are no longer available would be an impossible task. The very nature of how the confidentiality provisions are written allows information that was stated by a witness and is otherwise available from another source to be discoverable. This information would by definition be "factual information" because it is verifiable by some document beyond the testimony of an unavailable witness.

Moreover, the need for Compaction's request is not clear under Rule 26. The Discovery Order states that for purposes of the Compaction Contribution Act "it will not be necessary to

7

determine the proportionate shares according to the alleged liability of the Settling parties" because the liability of the Carter Day Parties will be reduced by the amounts paid by the settling parties. (Discovery Order, ECF No. 1122, at Section C). When determining what discovery is necessary this Court is to consider what was already determined by judicial notice such as "the proportionate shares . . . based on the alleged liability of the Settling parties." (Discovery Order, Section 18(a)(i).) Compaction should be able to sufficiently determine Warner's proportionate share of liability based on the amount it paid in settlement.

### III. Conclusion

On its face Compaction's request to have Warner prepare its witness with information from the ADR materials is not necessarily outside the scope of Rule 30(b)(6). The challenge is the information Warner is asking ADR to look for would not have existed absent the ADR Process. The federal mediation privilege provides guidance in how to distinguish between what material should and should not be discoverable from ADR. The Court need not go as far as applying the federal privilege because there are applicable confidentiality provisions agreed to by the parties. In operation, those provisions closely mirror the federal privilege. Material that existed prior to the ADR that was produced during the ADR is not precluded from discovery simple because it was produced during those proceedings. But information such as testimony and certifications that only exist because of the ADR Process are explicitly precluded based on the confidentiality clauses. Moreover, the information Compaction requests is irrelevant because the Court will judicial notice the amounts paid by the settling parties in determining the necessary contribution of any unsettled parties. For the foregoing reasons, Compaction's motion to compel discovery is denied.

IV. Order

**ACCORDINGLY, IT IS** on this 7th day of February, 2017,

**ORDERED** that the Defendants' Compaction Systems Corporation and Compaction Systems Corporation of Connecticut, Inc. Motion to Compel discovery is **DENIED**;

**FURTHER ORDERED** that the Clerk shall terminate ECF No. 1299.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**