**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, and ADMINISTRATOR, NEW JERSEY SPILL COMPENSATION FUND<br><br>Plaintiffs,<br>v.<br><br>AMERICAN THERMOPLASTICS CORP., et al.,<br><br>Defendants. | **OPINION**<br>No. 98-cv-4781 (WHW)(CLW) |

| |
|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>BECKMAN COULTER, INC. f/k/a BECKMAN INSTRUMENTS, INC., et al.,<br><br>Defendants. |

**Walls, Senior District Judge**

Before the Court is a motion for reconsideration submitted by Third-Party Plaintiffs Compaction System Corporation of Connecticut, Inc. and Compaction Systems Corporation (a New Jersey Corporation) (together, "Compaction"). ECF No. 1358. On July 23, 2018, the Court granted summary judgment in favor of third-party defendants Carter Day Industries, Inc. ("CDI"), Combe Fill Corporation ("CFC"), and Combustion Equipment Associates, Inc. ("CEA") (collectively, the "Carter Day Parties"), and denied Compaction's motion for partial summary judgment. ECF No. 1356. Compaction seeks reconsideration of that decision. ECF No. 1358. The United States wrote in support of Compaction's motion, ECF No. 1367, and the

Carter Day Parties filed an opposition brief, ECF No. 1368. For the reasons that follow, Compaction's motion is denied.

## BACKGROUND

The procedural and factual history of this case is detailed in the Court's opinion granting the Carter Day Parties' motion for summary judgment and incorporated here. ECF No. 1356. In brief, CFC owned a landfill, operated by Compaction, on what is now the Combe Fill South Superfund Site (the "Site"). Rosen Cert. Exs. 1, 2, 6.

CEA filed for Chapter 11 bankruptcy protection in 1980, Rosen Cert. Ex. 9, and emerged in 1983, following court approval of its reorganization plan, as CDI. *Id.* Ex. 16 at 32.[1] In 1986, CDI sued the United States Environmental Protection Agency ("USEPA") and the New Jersey Department of Environmental Protection ("NJDEP") seeking a declaration that any claims of USEPA and NJDEP arising out of incidents at the Site had been discharged; the bankruptcy court granted USEPA's motion to dismiss. *In re Combustion Equipment Associates, Inc.*, 732 B.R. 85 (S.D.N.Y. 1987). CDI filed another complaint in 1990, this time against only NJDEP, which the parties settled on November 22, 1991. Rosen Cert. Ex. 17. The court so-ordered the parties' Stipulation of Settlement, which reads in pertinent part:

> WHEREAS, on May 17, 1990, Carter Day filed in the Bankruptcy Court for the Southern District of New York, a complaint (the "Complaint") against [NJDEP] seeking declaratory and injunctive relief to the effect that (1) Carter Day Inc. discharged by confirmation of CEA's reorganization plan from all liabilities to NJDEP relating to or arising from the Combe Fill North and Combe Fill South landfills in New Jersey (the "Sites") owned by Combe Fill Corporation, a subsidiary of CEA and CEA's alleged activities with respect thereto, and (2) the prior disallowance of the NJDEP's proof of claim in CEA's Chapter 11 case had res judicata effect and barred the NJDEP's claims; and

---

[1] During the bankruptcy proceeding, the New Jersey Department of Environmental Protection filed a proof of claim, *id.* Ex. 13 ¶ 2, but the United States Environmental Protection Agency did not.

> WHEREAS, Carter Day and NJDEP have agreed to a settlement of (a) NJDEP's claims against Carter Day and (b) Carter Day's present action against the NJDEP.
>
> NOW, THEREFORE, IT IS AGREED TO AND STIPULATED by and between THE UNDERSIGNED, effective upon and subject only to, the approval of the United States Bankruptcy Court for the Southern District of New York, as follows:
>
> 1. Judgment is granted in favor of Carter Day on the first, second and third causes of action of the Complaint;
>
> 2. It is adjudged and decreed that all claim of NJDEP against Carter Day with respect to the Combe sites have been discharged;
>
> 3. NJDEP is permanently enjoined from pursuing any claims against Carter Day arising out of or related to the Combe Fill sites; and
>
> 4. The fourth cause of action asserted in the Complaint is dismissed with prejudice.

*Id.*

In 1998, NJDEP and the United States each sued Compaction, among many others, under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") to recover past and future response costs at the Site. ECF No. 1; Civ. No. 98-4812, ECF No. 1. Compaction agreed in 2009 to pay NJDEP and USEPA $11 million to reimburse those agencies' remediation efforts at the Site, and to accept an additional $26 million judgment against itself, to be paid in the event that it recovered funds from third-party defendants in excess of $11 million. *See* ECF No. 1128 (consent judgment).

In December 2011, Compaction sued the Carter Day Parties seeking to recover a portion of the costs it agreed to pay USEPA and NJDEP. ECF No. 1164. Compaction's First Amended Third-Party Complaint sought (i) cost recovery under CERCLA Section 107(a) (Count 1); (ii) contribution under CERCLA Section 113(f) (Count 2); (iii) a declaratory judgment under state and federal law (Count 3); (iv) contribution under the New Jersey Joint Tortfeasors

Contribution Act (Count 4); and (v) common-law contribution and indemnification (Count 5). *Id.*

On February 15, 2018, the Carter Day Parties moved for summary judgment on all of Compaction's claims, arguing that its 1991 settlement with NJDEP granted it contribution protection under CERCLA Section 113(f). ECF No. 1341-2 at 15-16. Compaction cross-moved for partial summary judgment. ECF No. 1342. On July 23, the Court granted the Carter Day Parties' motion and denied Compaction's. ECF No. 1357.[2]

## **LEGAL STANDARD**

Local Civil Rule 7.1(i) allows a party to move for reconsideration within 14 days after entry of the judgment, and directs the party seeking reconsideration to submit "a brief setting forth the matter or controlling decisions which the party believes the Judge. . . has overlooked." L. Civ. R. 7.1(i) (as amended by Order of Chief Judge Garrett E. Brown, March 1, 2010). The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised before the entry of judgment. Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Gutierrez v. Ashcroft*, 289 F. Supp.

---

[2] Compaction had also moved for estoppel, ECF No. 1343, and spoliation sanctions, ECF No. 1344. Because the Court granted the Carter Day Parties' motion for summary judgment on all counts, the Court denied these other motions as moot. ECF No. 1356 at 26-27.

2d 555, 561 (D.N.J. 2003) (quoting *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990)). Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," and only when "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered. *Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 608-09 (D.N.J. 2003); *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996); *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987).

## DISCUSSION

### I. Compaction's Motion for Reconsideration

The Court granted summary judgment to the Carter Day Parties after finding that they are entitled to contribution protection under CERCLA Section 113(f)(2). ECF No. 1356 at 17. Compaction asks this Court to reconsider only one part of that decision: that by settling with *NJDEP* in 1991, the Carter Day Parties "obtained a complete release from the claims of" *USEPA* "arising out of" the Site. ECF No. 1358-1 at 1.

#### a. *Legal Standard under CERCLA Section 113(f)(2)*

Section 113(f)(2) provides that "[a] person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement." 42 U.S.C. § 9613(f)(2). CDI's NJDEP settlement qualifies for contribution protection if (i) the settlement was

"administrative[ly] or judicially approved" and (ii) Compaction's current demand for contribution is for the same "matters addressed in the [NJDEP] settlement." Compaction does not dispute that the 1991 settlement, which was so-ordered by the court, was "judicially approved."

Regarding the "matters addressed" prong, "[t]he analysis adopted by federal courts to determine whether a contribution action is barred by a prior consent decree or settlement is to consider whether the subject matter of the settlement and the contribution action are the same." *ASARCO LLC v. Shore Terminals LLC*, Civ. No. 11-1384, 2012 WL 2050253, at *7 (N.D. Cal. June 6, 2012). Settlement agreements often contain an explicit statement of the "matters" covered by them. *See, e.g., Alcan Aluminum Corp. v. Butler Aviation-Boston, Inc.*, Civ. No. 02-0562, 2003 WL 22169273, at *4 (M.D. Pa. Sept. 19, 2003). Where they do not, courts turn to the text of the agreement as a starting point for interpreting the scope of the matters addressed. *See United States v. Charter Intern. Oil Co.*, 83 F.3d 510, 517-18 (1st Cir. 1996) ("We confine ourselves to the text of the decree and find the answer there, thus not reaching the issue of what other interpretive guides, if any, are permissible under CERCLA."). When interpreting such an agreement, courts look to various factors, including but not limited to "the particular location, time frame, hazardous substances, and clean-up costs covered by the agreement." *Akzo Coatings, Inc. v. Aigner Corp.*, 30 F.3d 761, 766 (7th Cir. 1994). The relevance of these and other factors "will vary with the facts of the case." *Id.*

    b. *Compaction's Challenge to the Court's July 23, 2018 Opinion*

The Carter Day Parties moved for summary judgment on the grounds that CERCLA Section 113(f)(2) bars contribution claims against settling parties, ECF No. 1341-2 at 15-17, and the Court agreed. ECF No. 1356 at 17-23. To reach this conclusion, the Court first held that

CDI's settlement with NJDEP was "sufficient to trigger the Section 113(f) bar" because the "plain language" of that provision extends contribution protection to those who settle with "the United States *or* a State[.]" *Id.* at 19-20 (emphasis in original). The Court then found that such settlement protection was warranted in this case because the NJDEP settlement was both "judicially approved" and because the "matters addressed" in that settlement include the subject matter of USEPA's claims. *Id.* at 21-23. Compaction did not dispute that the settlement was "judicially approved." *Id.* at 21. Because the Court determined that the "matters addressed" in the settlement "must include the claims for environmental clean-up costs that Compaction agreed to reimburse to the NJDEP," the Court found the USEPA claims—which involve environmental clean-up costs to remediate the same damage at the same site—to be part of those same "matters addressed." *Id.* at 22.

The crux of Compaction's motion is that the Court erred by construing USEPA's claims as part of the "matters addressed" in the NJDEP settlement. *See* ECF No. 1358-1 at 11-13. Compaction argues that "the NJDEP Settlement related exclusively to claims between CEA/CDI and NJDEP, and not claims by the USEPA." *Id.* at 12. Compaction bases this assertion on the text of the NJDEP settlement, which discusses only NJDEP's claims. *Id.* at 13. Indeed, as Compaction points out—and no one disputes—the Carter Day Parties "never settled with the USEPA." *Id.* at 1. Consequently, according to Compaction, the Court erred in considering the USEPA's claims against the Carter Day Parties part of the "matters addressed" in the NJDEP settlement.

Compaction also argues that the Court's opinion creates a manifest injustice in disrupting the "very specific relationship" between the federal government and the states created by CERCLA. *Id.* at 8. According to Compaction, "the Federal and State governments have

7

different roles and different legal rights, [so] every Superfund site requires the PRPs to enter into two settlements—one with the State and one with the Federal Government." The Court's opinion, then, by allowing the Carter Day parties to invoke the contribution bar for both federal and state claims, "flies directly in the face of CERCLA Section 104 and the delicate balance of federalism it creates." *Id.* at 11. The United States agrees with Compaction: "It would be enormously inefficient, and contrary to the design of CERCLA, if the United States had to pursue directly all liable parties in order to recover response costs. . . . This Court's decision may impede the United States from securing settlements at other Superfund sites, if potential settlors' believe their contribution rights against third-parties may be barred as a result of state settlements for state costs." *Id.* 6-7.

    c. *The Court Will Not Reconsider Its Summary Judgment Decision.*

The Court refers the parties to its full discussion in its earlier opinion explaining why Compaction's claims are part of the "matters addressed" in the NJDEP settlement. *See* ECF No. 1356 at 21-23. Contrary to Compaction's contention this conclusion does not create "a manifest injustice." *North River Ins. Co.*, 52 F.3d at 1218.

Compaction argues that injustice "would result from interfering with the allocation of responsibility with respect to CERCLA sites between the USEPA and the States." ECF No. 1358-1 at 7. The United States concurs: "This Court's decision may impede the United States from securing settlements at other Superfund sites, if potential settlors' believe their contribution rights against third-parties may be barred as a result of state settlements for state costs." ECF No. 1367 at 6-7. But reconsideration will only be granted "only if there is a dispositive factual or legal matter that was presented but not considered which would have reasonably resulted in a different conclusion by the court." *Litgo New Jersey, Inc. v. Martin*, No. 06-2891 AET, 2011

WL 65933, at *2 (D.N.J. Jan. 7, 2011), *aff'd sub nom. Litgo New Jersey Inc. v. Comm'r New Jersey Dep't of Envtl. Prot.*, 725 F.3d 369 (3d Cir. 2013). Neither Compaction nor the United States points to any case demonstrating that their policy concerns are dispositive of the Section 113(f)(2) analysis. That provision's plain language—particularly its use of the disjunctive phrase "to the United States *or* a State," *see* ECF No. 1356 at 19 (emphasis in original) (quoting 42 U.S.C. § 9613(f)(2))—is sufficient to support the Court's original decision that settlement with a state government only grants a party contribution protection where that settlement "addressed" the same "matters" as separate federal claims. The Court determined that the "matters addressed" in the state and federal claims are the same, ECF No. 1356 at 21-23, and neither the United States nor Compaction has cast doubt on that conclusion.

Compaction has not identified "a clear error of law" warranting reconsideration of the Court's July 23, 2018 decision. *North River Ins. Co.*, 52 F.3d at 1218. Compaction's principal ground for reconsideration is that the Court erred in determining that the USEPA claims were part of the "matters addressed" in the NJDEP settlement—but Compaction made this same argument in its summary judgment papers. As this Court noted in granting summary judgment, "Compaction's sole contention relating to the 'matters addressed' by the 1991 NJDEP settlement is that they do not include any claims by the USEPA." ECF No. 1356 at 22 (citing ECF No. 1347 at 21-24). Compaction merely reiterates that argument here. Compaction does not raise any binding decisions that the Court overlooked, instead urging the Court to draw a different conclusion from two cases the Court considered: *United States v. Southeastern Pennsylvania Transp. Authority*, 235 F.3d 817 (3d Cir. 2000), and *Akzo Coatings, Inc. v. Aigner Corp.*, 30 F.3d 761 (7th Cir. 1994). *See* ECF No. 1358-1 at 11-12. That Compaction disagrees with the way the Court applied those opinions to this case is not proper grounds for reconsideration.

Compaction further argues that this Court "failed to recognize" the statement in *Azko* that "the 'matters addressed' by a consent decree must be assessed in a manner consistent with both the reasonable expectations of the signatories and the equitable apportionment of costs that Congress has envisioned." ECF No. 1358-1 at 12 (quoting *Azko*, 30 F.3d at 765). But the Court did not overlook this point. First, *Azko* is not binding on this Court. Second, just because the Court did not quote the above passage does not mean the Court failed to consider it. The Court could not consider "the reasonable expectations of the signatories" because there was no record evidence of such expectations. As Compaction points out, the text of the settlement order is "the only evidence of that settlement." ECF No. 1358-1 at 2. The Court considered the text of that order under prevailing Third Circuit law. *See* ECF No. 1356 at 21. That Compaction disagrees with the Court's conclusion is not grounds for reconsideration.

Nor has Compaction identified any "manifest errors of . . . fact" in the Court's opinion. *Quinteros*, 176 F.3d at 677. It asserts that the Court overlooked "the facts based upon which the claims by the USEPA were separate and distinct from the claims by the NJDEP[.]" ECF No. 1358-1 at 7. But Compaction does not raise any facts outside the text of the settlement order. That order was in the summary judgment record, *see* Rosen Cert. Ex. 17, and the Court quoted it in determining the "matters addressed" therein, *see* ECF No. 1356 at 21. That the settlement order only mentioned NJDEP's claims and not USEPA's claims is not a new fact that could support reconsideration.

## **CONCLUSION**

Compaction's motion for reconsideration is denied. An appropriate order follows.

DATE: 15 Jany 2019

William H. Walls
Senior United States District Court Judge