NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al., | : : : : : | Civil Action No. 98-4781-MCA-AME |
| Plaintiffs, | : : | **OPINION & ORDER** |
| v. | : : |  |
| AMERICAN THERMOPLASTICS CORP., et al., | : : : |  |
| Defendants. | : : |  |

**ESPINOSA**, Magistrate Judge

This matter comes before the Court on the motions filed by non-party Beveridge & Diamond P.C. ("B&D") [D.E. 1396] and non-parties Moses & Singer LLP ("M&S") and Philip Olick, Esq. [D.E. 1405] to quash subpoenas served by Third-Party Plaintiff Compaction Systems Corporation ("Compaction"). Third-Party Defendant Combustion Equipment Associations, Inc. n/k/a Carter Day Industries, Inc. ("Carter Day") filed letters in support of the motions, and Compaction opposed the motions.

After review of the papers submitted, the Court decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b). Having considered the arguments presented by the movants and the parties in the briefing and letters, and having reviewed the subpoenas at issue, the Court finds that compliance with the subpoenas would be unduly burdensome to B&D, M&S, and Mr. Olick, and the motions to quash are granted. However, as discussed below, Carter Day, if it has not already done so, shall obtain any non-privileged, discoverable documents from B&D and

M&S and produce them to Compaction; alternatively, Carter Day shall represent to Compaction that no such documents could be located after a reasonably diligent search.

I. **BACKGROUND**

This action was initiated in 1998 by the United States Environmental Protection Agency ("EPA") and the New Jersey Department of Environmental Protection ("NJDEP"), who separately filed complaints against a number of defendants related to the disposal of hazardous substances from 1958 through 1981 at the Combe Fill South Landfill site in Chester and Washington Townships, New Jersey.

After many years of litigation, the remaining causes of action in this matter are Compaction's contribution claim under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") § 113, and a related declaratory judgment claim, against Carter Day.[1]

According to B&D, the EPA began investigating the Combe Fill landfill site by 1983, and B&D represented Carter Day in the investigation beginning in 1986. Among other things, B&D was retained to evaluate Carter Day's potential CERCLA liability. According to B&D, none of its current attorneys had any meaningful responsibility working for Carter Day.

According to M&S, the firm and Mr. Olick represented Carter Day from 1989 to 1999. Mr. Olick, previously a corporate partner at M&S until his retirement from the active practice of law in 2006 at age 70, is now Of Counsel to M&S.

---

[1] Compaction also filed a motion for reconsideration seeking the reinstatement of various previously-dismissed state law claims against Carter Day [D.E. 1417]; the motion is pending.

In April 2021 and June 2021, Compaction served B&D and M&S/Mr. Olick with subpoenas seeking testimony and documents concerning seventeen different topics, including: Carter Day's (and/or related entities') involvement with the landfill site, moneys paid and services provided in relation to the site, the EPA investigation, related bankruptcy and litigation matters, and various corporate issues including taxes, insurance, compensation, management fees, relationships, agreements, and transactions. Numerous topics in the subpoenas explicitly date back to the 1970s.

Compaction's attorney, Robert Rohrberger, filed declarations in which he stated that his client has served non-parties, including B&D, M&S, and Mr. Olick, with subpoenas because it has had difficulty obtaining relevant documents and information from Carter Day in this matter. [D.E. 1401-1 and D.E. 1410].

B&D, M&S, and Mr. Olick now move to quash the subpoenas on the basis that the discovery requests seek documents and testimony protected by the attorney-client and work product privileges,[2] and that the requests are unduly burdensome. In a declaration [D.E. 1396-2], B&D partner Eric Klein stated that to comply with the subpoena, B&D would need to "retrieve all client files that it may still retain from its prior work" and then identify a representative to study those documents to give Rule 30(b)(6) testimony. B&D estimates that it would require at least 50-60 hours of attorney time to prepare for the deposition. A M&S partner, Mark Parry, similarly declared [D.E. 1405-2] that to comply with the subpoena M&S would "need to collect all client files, to the extent they are even retrievable after so many years, and identify a

---

[2] M&S raised only the attorney-client privilege in its motion papers, whereas B&D raised both the attorney-client and work product privileges.

3

representative to testify as to the knowledge gleaned from a substantial and laborious effort to understand the matter." According to M&S, these efforts would "require an extremely significant amount of time, energy, and expenditure."

## II. DISCUSSION

Federal Rule of Civil Procedure 45 governs the issuance, service, and enforcement of subpoenas. Pursuant to the rule, a party may serve a subpoena on a third-party to obtain documents, testimony, and/or other information falling within the scope of permissible discovery under the federal rules. Fed. R. Civ. P. 45(c). Federal Rule of Civil Procedure 26 sets broad parameters on discovery, providing that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(2).

Discovery is not, however, limitless and may be circumscribed by the Court. *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). If the subpoena falls outside the scope of permissible discovery, "requires disclosure of privileged or other protected matter," or "subjects a person to undue burden," the Court has the authority to quash or modify it upon a timely motion by the party served. Fed. R. Civ. P. 45(d)(3). The movant bears the burden of persuasion on a motion to quash a subpoena. *Mondis Tech. Ltd. v. LG Elecs., Inc.*, No. 15CV4431, 2017 WL 4155121, at *2 (D.N.J. Sept. 19, 2017), *aff'd*, No. CV 15-4431, 2017 WL 5495523 (D.N.J. Nov. 15, 2017).

A district court "has broad discretion regarding the enforcement of subpoenas." *Tattle Tale Portable Alarm Sys., Inc. v. Calfee, Halter & Griswold, LLP*, No. 11-7013, 2012 WL

4

1191214, at *3 (D.N.J. Apr. 10, 2012). In addressing the reasonableness of the subpoena, the court may consider a number of factors, including:

> 1) relevance, 2) the need of the party for the documents, 3) the breadth of the document request, 4) the time period covered by it, 5) the particularity with which the documents are described, 6) the burden imposed, and 7) the subpoena recipient's status as a nonparty to the litigation.

*In re Novo Nordisk Sec. Litig.*, 2021 WL 1232640, at *4 (D.N.J. Mar. 30, 2021) (citing *Biotechnology Value Fund, L.P. v. Celera Corp.*, 2014 WL 4272732, at *2 (D.N.J. Aug. 28, 2014)).

Here, the movants argue that the requested documents and testimony are privileged, and that they can assert the privilege without identifying any specific privileged documents.[3] They also argue that compliance with the subpoenas would be unduly burdensome because the subpoenas essentially seek their entire files as well as testimony concerning matters that occurred decades ago. In response, Compaction contends that the movants have failed to properly assert the privilege because they have not identified any specific documents that they contend are privileged.[4] Compaction also argues that the requests were specific and narrowly tailored, and are not unduly burdensome.

Based on the Court's consideration of the relevant factors listed above, the Court agrees with the movants that compliance with the subpoenas would be unduly burdensome and that the subpoenas should be quashed. Compaction has not demonstrated a particular need for the

---

[3] In support of the latter argument, B&D cites *In re Grand Jury Subpoena*, 696 F. App'x 66 (3d Cir. 2017) and *Klitzman, Klitzman and Gallagher v. Krut*, 744 F.2d 955 (3d Cir. 1984). B&D Reply Br. at 3 [D.E. 1402].

[4] In support of this argument, Compaction cites *United States v. Rockwell Int'l*, 897 F.2d 1255, 1265 (3d Cir. 1990) ("Specifically, claims of attorney-client privilege must be asserted document by document, rather than as a single, blanket assertion."). Compaction Opp. Br. at 6 [D.E. 1401].

requested documents. The requests cover 17 topics, each of which is a broad area. The requests seek numerous categories of documents and information dating back to the 1970s. The documents and topics are described generally, and not with particularity. The movants have averred that it would be time-consuming and costly to locate responsive documents and to prepare a representative with no first-hand knowledge of this matter to testify under Rule 30(b)(6). Mr. Olick retired from the practice of law 15 years ago and is elderly. M&S, B&D, and Mr. Olick are all non-parties.

Regarding the movants' assertion of privilege, to the extent they have any responsive documents within their possession, custody, or control, the Court lacks sufficient information to rule whether any such documents are privileged. The movants' files likely include privileged documents—given that the firms were retained after the EPA had commenced its investigation—but may also include copies of non-privileged documents such as business records and publicly-filed court documents. The Court need not speculate as to the contents of the movants' files regarding this decades-old matter, and it also need not decide the legal question as to whether the privilege can be asserted without identifying specific privileged documents because, as explained above, the Court finds that the subpoenas are unduly burdensome.

Although the Court is granting the movants' motions to quash, the Court notes that Carter Day, in responding to document requests served by Compaction, should already have obtained and produced to Compaction any responsive, non-privileged documents within its control, including such documents possessed by Carter Day's former attorneys, including B&D and M&S. *See Microsoft Corp. v. Softicle.com*, No. 216CV02762, 2017 WL 4387376, at *7 (D.N.J. Oct. 2, 2017) ("'Control' is broadly construed, so a party may be required to produce a document

6

that is in the possession of a nonparty entity if the party has the legal right to obtain the document. This means a party must produce documents that have been turned over to his agent, such as his insurer or attorney."). If Carter Day did not seek to obtain responsive, non-privileged documents from B&D and M&S, it must do so to comply with its own discovery responsibilities.

### III. ORDER

Accordingly, IT IS on this 5th day of October 2021,

**ORDERED** that non-party Beveridge & Diamond, P.C.'s motion to quash Compaction's Subpoena [ECF No. 1396] is **GRANTED**; and it is further

**ORDERED** that non-party Moses & Singer LLP's and non-party Philip Olick's motion to quash Compaction's Subpoena [ECF No. 1405] is **GRANTED**; and it is further

**ORDERED** that Carter Day shall obtain and produce to Compaction any non-privileged documents possessed by Beveridge & Diamond, P.C. and Moses & Singer LLP that are responsive to document requests served on Carter Day by Compaction; alternatively, Carter Day shall represent to Compaction that no such documents could be located following a reasonably diligent search; and it is further

**ORDERED** that the parties shall meet and confer to agree on a schedule for the tasks in the preceding paragraph to occur.

        /s/ *André M. Espinosa*
    ANDRÉ M. ESPINOSA, U.S.M.J.